(44 Misc. Rep. 109.)

HALLENBECK v. HALLENBECK et al.

(Supreme Court, Special Term, Albany County. June, 1904.)

1. GIFT—SAVINGS BANK DEPOSIT.

Rules of a savings bank forbade payment of deposit except on presentation of the pass book. A depositor asked the teller of a bank to add the name of her niece to the pass book, so that either of them could draw the money deposited, and signed a printed form, requesting the bank to add the name of the niece "as owner and creditor with me," with full authority to either or the survivor to draw the whole or any part of such deposit, and the bank account was changed so as to be payable to "either, or the survivor of either." *Held* not to show a complete gift of the deposit to the niece.

Action by Huldah B. Hallenbeck against Albert C. Hallenbeck and others to recover from the Albany County Savings Bank money deposited. Complaint dismissed.

The money was deposited to the following account: "The Albany County · Savings Bank, in Account with Huldah Van Aernam or Huldah B. Hallenbeck, pay to either, or the survivor of either." The printed instrument, which Huldah Van Aernam signed, referred to in the opinion, reads as follows:

"October 7th, 1897.

"The treasurer of the Albany County Savings Bank will please add the name of my niece, Huldah B. Hallenbeck, as owner and creditor with me of

---

¶ 1. See Gifts, vol. 24, Cent. Dig. §§ 53, 55, 56.

all moneys heretofore or which may hereafter be deposited in said bank under this account No. 12,413, together with all the interest which has been or may hereafter be credited to the said account; with full authority for each, or either of us, or the survivor of us, to draw from the said bank the whole or any part of such moneys or such interest." It further appeared that before the death of Huldah Van Aernam her niece, Huldah B. Hallenbeck, made two withdrawals from the deposit.

P. C. Dugan, for plaintiff.

Zeb A. Dyer, for defendants.

HERRICK, J. I attach no importance in this case to the language of the instrument signed by Mrs. Huldah Van Aernam, by which the bank was authorized to add the name of Huldah B. Hallenbeck as an owner and creditor with Mrs. Huldah Van Aernam of the moneys theretofore deposited by her in the defendant bank. The evidence shows that upon visiting the bank Mrs. Van Aernam requested the teller "to add the name of her niece to the pass book, so that either, or the survivor of either, could draw the moneys;" that he thereupon produced a printed form, which contained the words "as owner and creditor with me," which he filled out, and asked her to sign. There is no evidence in the case that she asked the bank officer to constitute the plaintiff a joint owner and creditor with her. Those words were words furnished to her by the bank officer by means of the printed form, and under the circumstances cannot be construed as evincing a deliberate purpose and intent on the part of Mrs. Van Aernam to make the plaintiff a co or joint owner and creditor with her of the moneys theretofore deposited by her in the bank.

I have considered at some length the law in cases of this character in the case of Sarah E. Kelly v. Home Savings Bank, 44 Misc. Rep. 1021, 89 N. Y. Supp. 776, which renders unnecessary any lengthy discussion of this case. The facts show that Huldah Van Aernam never at any time surrendered dominion and control over the moneys in question. The words "either to draw," coupled with the possession of the bank book, gave her entire control over the moneys upon deposit. She could withdraw them at any time, and without possession of the bank book, the words, "either to draw" gave the plaintiff, Huldah B. Hallenbeck, no control or dominion over such moneys. Under the rules of the bank, which were printed in the pass book, no money could be drawn therefrom except upon the presentation of the pass book, so that by the retention of the pass book by Mrs. Van Aernam, she not only remained in control and dominion of the money, but she also prevented the plaintiff drawing any such money except as permitted by her by giving to the plaintiff, from time to time, possession of the pass book for that purpose. Keeping control of the pass book kept control of the money, and stripped the transaction of that "quality of completeness which distinguishes an intention to give, which alone amounts to nothing, from the consummated act, which changes the title." Beaver v. Beaver, 117 N. Y. 421, 22 N. E. 940, 6 L. R. A. 403, 15 Am. St. Rep. 531. Within the authorities referred to in the case of Kelly v. Home Savings Bank, the gift here was not a completed act. There was only the intention,

unaccompanied by such acts as would have carried that intention into effect.

The complaint of the plaintiff must therefore be dismissed.

Complaint dismissed.